# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

NATHANIEL HUDSON, #257777,

        Petitioner,                  Case Number: 2:07-CV-13906

v.                                    HON. ANNA DIGGS TAYLOR

KENNETH MCKEE,

        Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH THE STATUTE OF LIMITATIONS

Petitioner Nathaniel Hudson, a state prisoner currently incarcerated at the Marquette Branch Prison in Marquette, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his convictions for second-degree murder and possession of a firearm during the commission of a felony. Respondent has filed a Motion to Dismiss for Failure to Comply With the Statute of Limitations. For the reasons set forth below, the Court grants the motion.

## I.

Petitioner pleaded guilty in Wayne County Circuit Court to second-degree murder and possession of a firearm during the commission of a felony. On July 10, 1997, he was sentenced to 18-30 years imprisonment for the second-degree murder conviction, to be served consecutively to two years imprisonment for the felony-firearm conviction. On May 12, 1999, the trial court re-sentenced Petitioner to 10-30 years for the second-degree murder conviction based upon an amended plea of guilty but mentally ill.

Petitioner did not file a direct appeal of his conviction or sentence. On October 30, 2003, he filed a motion for relief from judgment in the trial court, which was denied. *People v. Hudson*, No. 97-002521 (Wayne County Circuit Court March 17, 2004). On March 1, 2004, Petitioner filed a second motion for relief from judgment, which was also denied. *People v. Hudson*, No. 97-002521 (Wayne County Circuit Court June 15, 2005). Petitioner filed an application for leave to appeal in the Michigan Court of Appeals. The Michigan Court of Appeals denied leave to appeal. *People v. Hudson*, No. 269743 (Mich. Ct. App. June 15, 2006). He did not file an application for leave to appeal in the Michigan Supreme Court.

On September 17, 2007, Petitioner filed the pending petition for a writ of habeas corpus.

## II.

Respondent argues that the petition should be dismissed because it was not timely filed. The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA" or "the Act") applies to all habeas petitions filed after the effective date of the Act, April 24, 1996, and imposes a one-year limitations period on habeas corpus petitions.

A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. (d)(1)(A). The one-year limitations period does not begin to run until the time for filing a petition for a writ of certiorari to the United States Supreme Court has expired. *Isham v. Randle*, 226 F.3d 69, 694-95 (6th Cir. 2000). In addition, the time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitations period. 28 U.S.C. § 2244(d)(2). However, a properly filed application for state post-conviction relief, while tolling the statute of limitations, does not serve to restart the limitations period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

2

In the pending case, Petitioner's judgment of sentence was entered on May 12, 1999. Petitioner did not file a direct appeal of his conviction. His conviction, therefore, became final on May 12, 2000, when the one-year limitations period for filing a delayed application for leave to appeal in the Michigan Court of Appeals expired. *See* Michigan Court Rule 7.205(F). The one-year limitations period applicable to habeas corpus petitions commenced on May 13, 2000, and continued to run, uninterrupted, until May 13, 2001.

Petitioner sought state collateral review of his conviction by filing a motion for relief from judgment in the trial court. However, Petitioner's motion for relief from judgment was not filed until October 30, 2003, over two years after the limitations period already had expired. Accordingly, the petition is untimely.

Petitioner claims that he is entitled to equitable tolling of the limitations period because his mental illness prevented him from pursuing state court and, subsequently, habeas relief. To be entitled to equitable tolling, a Petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, ___ U.S. ___, 127 S. Ct. 1079, 1087 (2007), *quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "Illness – mental or physical – tolls a statute of limitations only if it actually prevents the sufferer from pursuing his legal rights during the limitations period." *Price v. Lewis*, 119 Fed. App'x 725, 726 (6th Cir. 2005). "The exceptional circumstances that would justify equitable tolling on the basis of mental incapacity are not present when the party who seeks the tolling has been able to pursue his or her legal claims during the period of his or her alleged mental incapacity." *Id.* (internal quotation omitted).

In this case, Petitioner did pursue his legal claims in state court during the period of his alleged capacity. He filed two motions for relief from judgment in state court and an application

for leave to appeal in the Michigan Court of Appeals. He also actively sought representation during this time period. In addition, he has not shown that he was incapacitated by mental illness during the relevant time period. He submits a psychiatric evaluation completed in 1997 to support his claim. However, this evaluation does not support his claim because the consulting forensic examiner concluded that Petitioner was not suffering from any psychotic symptomology and that Petitioner's responses evidenced a desire to exaggerate his symptomology. Petitioner makes no showing that any mental illness actually prevented him from pursuing his legal rights.

Petitioner also claims he is entitled to equitable tolling based upon a "tacit stipulation between h[i]mself and the Wayne County Prosecutor acknowledging the debt/wrongdoing in the trial court proceedings." Petitioner's brief at 6. The Court finds no support for this statement and it may not form the basis for equitable tolling. Therefore, the Court concludes that equitable tolling of the limitations period is not appropriate.

### III.

A district court, in its discretion, may decide whether to issue a certificate of appealability ("COA") at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). The Court concludes that it is presently in the best position to decide whether to issue a COA. *See id.* at 901, (*quoting Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir.1997)), overruled in part on other grounds by *Lindh v. Murphy*, 521 U.S. 320 (1997)) ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA.).

A certificate of appealability may be issued "only if the applicant has made a substantial

4

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition is untimely. Therefore, the Court denies a certificate of appealability.

## IV.

The Court finds that Petitioner failed to file his habeas petition within the applicable one-year limitations period, and that equitable tolling of the limitations period is not warranted.

Accordingly, **IT IS ORDERED** that Respondent's Motion to Dismiss [D/E # 12] is **GRANTED** and the petition for a writ of habeas corpus [d/e # 1] is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

DATED: June 30, 2008            s/Anna Diggs Taylor
ANNA DIGGS TAYLOR
UNITED STATES DISTRICT JUDGE

---

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order of Dismissal and Judgment was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail (**Nathaniel Hudson, #257777, Bellmy Creek Correctional Facility, 1727 W Blue water Hwy, Ionia, MI 48846**) disclosed on the Notice of Electronic Filing on July 1, 2008.

           s/Johnetta M. Curry-Williams
Case Manager