# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

NATHANIEL HUDSON, # 257777,

        Petitioner,               Case Number: 2:07-CV-13906

v.                                         HON. ANNA DIGGS TAYLOR

KENNETH MCKEE,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT (D/E-21)

Petitioner Nathaniel Hudson filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for second-degree murder and possession of a firearm during the commission of a felony. On June 30, 2008, the Court issued an Opinion and Order Granting Respondent's Motion to Dismiss for Failure to Comply With the Statute of Limitations. Now before the Court is Petitioner's Motion for Relief from Judgment.

Petitioner has filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(1),(3), (4) and (6). Relief from judgment may be granted pursuant to Rule 60(b)(1) where the Court's judgment was the result of "mistake , inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). In this context, "mistake" encompasses legal errors. *See* Barrier v. Beaver, 712 F.2d 231, 233-34 (6th Cir. 1983). Plaintiff disagrees with the Court's decision dismissing his complaint, but fails to show that the judgment was the result of "mistake, inadvertence, surprise, or excusable neglect." Accordingly, Plaintiff is not entitled to relief pursuant to Rule 60(b)(1).

>Federal Rule of Civil Procedure 60(b)(3) provides, in pertinent part:
>
>On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party . . .

Fed. R. Civ. P. 60(b)(3). Rule 60(b)(3) "requires fraud by an adverse party to warrant relief from judgment." Mayhew v. Gusto Record, Inc., 69 Fed. Appx. 681, 682 (6th Cir. 2003). In the context of a habeas corpus petition, Rule 60(b)(3) generally allows relief if the denial of a petition was "clearly produced by the state's misrepresentation in the habeas proceedings." Buell v. Anderson, 48 Fed. Appx. 491, 496 (6th Cir. 2002). Petitioner simply disagrees with the Court's analysis of his habeas petition, but fails to show fraud by an adverse party.

Rule 60(b)(4) provides for relief in circumstances where the underlying judgment is void. Antoine v. Atlas Turner, Inc., 66 F.3d 105, 108 (6th Cir. 1995). "A judgment is void under 60(b)(4) 'if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law'." Id., *quoting* In re Edwards, 962 F.2d 641, 644 (6th Cir. 1992). Petitioner has failed to show that this Court lacked jurisdiction over his habeas corpus petition or over the parties to the action or that this Court acted in a manner inconsistent with due process. Therefore, Petitioner is not entitled to relief from judgment under Rule 60(b)(4).

Finally, Petitioner seeks relief from judgment under Rule 60(b)(6). Rule 60(b)(6) relief may be granted only in "unusual and extreme situations where principles of equity mandate relief." Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir. 1990). Plaintiff disagrees with the Court's decision dismissing his case, but provides no unusual or extreme circumstances which would warrant relief under Rule 60(b)(6).

Accordingly, **IT IS ORDERED** that Plaintiff's Motion for Relief from Judgment is

**DENIED**.


DATED:  April 28, 2009                              <u>s/**Anna Diggs Taylor**</u>
                                                    ANNA DIGGS TAYLOR
                                                    UNITED STATES DISTRICT JUDGE

---

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on April 28, 2009.

Nathaniel Hudson, #257777
Marquette Branch Prison
1960 U.s. Hwy 41 South
Marquette, MI 49855                                 s/Johnetta M. Curry-Williams
                                                    Case Manager